UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDALL LEE HUFFMAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-768 CAS |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Strike Count II of Plaintiff's First Amended Complaint, filed by Defendants Corizon, LLC ("Corizon"), Dr. Karen L. Duberstein ("Duberstein"), Dr. Charles W. Chastain, III ("Chastain"), and Brad Ferguson ("Ferguson"). (Doc. 29). Plaintiff opposes the motion. For the following reasons, the motion will be denied.

**Background**

Plaintiff is an offender in the custody of the Missouri Department of Corrections ("MDOC"). From February 4 to February 13, 2015, Plaintiff was located at the St. Louis Community Release Center, a low security correctional facility in MDOC's Probation and Parole Division. At all other times relevant to this case, Plaintiff was an inmate at the Eastern Reception, Diagnostic & Correctional Center, a prison for male offenders. Corizon provides health care services to offenders in MDOC. Duberstein, Chastain, and Ferguson are health care professionals employed by Corizon.

Plaintiff filed his First Amended Complaint on September 28, 2015. (Doc. 20).[1] Plaintiff alleges, among other things, that he suffers from caudal regression syndrome, spina bifida, scoliosis, sciatica, and severe back pain. He alleges that he has been confined to a wheelchair for life, uses a colostomy bag, and wears diapers. Plaintiff alleges that his conditions physically limit him and his ability to obtain basic necessities without substantial assistance, including those related to his clothing, sanitation, and hygiene. Plaintiff alleges that he has been refused medical treatment and assistance required for his disability.

The instant motion concerns Counts I and II of Plaintiff's First Amended Complaint, which are directed at Corizon, Duberstein, Chastain and Ferguson (collectively "Defendants"). Count I alleges deliberate indifference to serious medical needs, and Count II alleges deprivation of the minimal civilized measure of life's necessities. In both Counts I and II, Plaintiff proceeds pursuant to the Eighth Amendment of the United States Constitution, actionable under 42 U.S.C. § 1983. Defendants seek to strike Count II as duplicative of Count I.

**Legal Standard**

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the language of Rule 12(f) is permissive and this Court enjoys liberal discretion thereunder, striking a party's pleadings is an "extreme measure," and motions to strike "are viewed with disfavor and are infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (citation

---

[1]This pleading, filed by appointed counsel, is actually the second amended complaint filed in this case, as Plaintiff previously filed a pro se amended complaint on July 20, 2015. (Doc. 6). However, the July 20 pleading was listed on the docket as "Amended Complaint," and the pleading presently at issue was titled and docketed as "First Amended Complaint." The Court will therefore use the title "First Amended Complaint" when referring to Document 20.

omitted); see also BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). A leading federal practice and procedure treatise states that matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation and its inclusion prejudices the defendants. 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[3] (3rd ed. 2014).

**Discussion**

In support of the instant motion, Defendants state that many of the allegations contained in Counts I and II are duplicative, in that the claim of deprivation of life's necessities is inclusive of Plaintiff's allegation of deprivation of necessary and adequate medical care. Defendants also state that Plaintiff seeks the same relief in both counts. In response, Plaintiff argues that although Counts I and II share certain allegations, they are not identical. Plaintiff's arguments are well taken.

In Count I, Plaintiff alleges that Defendants have, among other things: failed and/or refused to provide medical care in conformity with the standard of care; provided grossly negligent medical care; failed to assess, treat and manage Plaintiff's pain levels and properly treat his serious medical conditions; and failed to establish policies and procedures to ensure Plaintiff receives medical treatment that meets the standard of care. Plaintiff alleges that Defendants have been recklessly indifferent to his serious medical needs, and that their wrongdoing has caused him discomfort, pain, embarrassment, humiliation, mental anguish, infection, and exacerbation of other conditions. Plaintiff seeks declaratory, injunctive, and monetary relief.

In Count II, Plaintiff alleges that Defendants have, among other things: denied him basic necessities related to clothing, sanitation, and hygiene; consciously refused to take reasonable steps necessitated by his physical limitations; caused him to sit in his own urine and fecal matter for prolonged periods such that he once developed an infection; denied him assistance with emptying

his colostomy bag; failed to provide access to a handicap-accessible sink; and failed to help him when he fell and instead laughed at him and allowed him to lay on the ground until other inmates helped him. Plaintiff seeks declaratory, injunctive, and monetary relief.

Review of Counts I and II shows that, while they share certain factual allegations and prayers for relief, they are not identical. As Plaintiff correctly notes, Count I focuses on medical treatment of Plaintiff's medical conditions and associated pain, while Count II focuses on the lack of assistance Plaintiff has received in obtaining basic necessities related to clothing, sanitation, and hygiene. It cannot be said that Count II clearly has no possible bearing on the subject matter of this litigation. Defendants have not cited, nor does independent research reveal, cases in which claims similar to those considered herein were stricken after being found redundant or duplicative under Rule 12(f). Finally, Defendants make no showing of prejudice. Defendants therefore fail to convince the Court to take the extreme measure of striking Count II, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike Count II of Plaintiff's First Amended Complaint, on Behalf of Defendants Corizon, LLC, Dr. Karen L. Duberstein, Dr. Charles W. Chastain, III, and Brad Ferguson is **DENIED**. [Doc. 29]

                                                                _____
                                                                **CHARLES A. SHAW**
                                                                **UNITED STATES DISTRICT JUDGE**

Dated this 19th day of July, 2016.