UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDALL LEE HUFFMAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-768  CAS |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss (Doc. 28), filed by Defendants Missouri Department of Corrections ("MDOC"), Defendant DeBose ("DeBose") and Defendant Nieves ("Nieves") (collectively "Defendants"), directed at Counts III and IV of Plaintiff's First Amended Complaint.[1]  For the following reasons, the Motion will be granted in part, and denied in part.

**Background**

Plaintiff is an offender in the custody of MDOC.  MDOC is a state agency that operates the St. Louis Community Release Center ("SLCRC") and the Eastern Reception, Diagnostic & Correctional Center ("ERDCC").  SLCRC is a low security correctional facility in MDOC's Probation and Parole division, and ERDCC is a prison for male offenders.  Defendants DeBose and

---

[1]The "First Amended Complaint" at issue herein, filed on September 28, 2015 by appointed counsel and docketed as Document 20, is the actually the second amended pleading filed in this case.  Plaintiff previously filed a pro se amended complaint on July 20, 2015. (Doc. 6).  However, that pleading was given the title "Amended Complaint," and the September 28 pleading was given the title "First Amended Complaint."  The Court will therefore use the title "First Amended Complaint" when referring to Document 20.

Nieves are SLCRC officers. From February 4 to February 13, 2015, Plaintiff was located at the SLCRC, but at all other times relevant herein was incarcerated at ERDCC.

Plaintiff alleges, among other things, that he suffers from caudal regression syndrome, spina bifida, scoliosis, sciatica, and severe back pain. He alleges that he has been confined to a wheelchair for life, uses a colostomy bag, and wears diapers. Plaintiff alleges that he has been refused reasonable accommodations required by his disability, causing him to suffer various injuries and to be excluded from participating in MDOC's medical services and programs. Plaintiff also alleges that he has been subjected to physical abuse and ridicule.

The instant motion to dismiss is directed at Counts III and IV. In Count III, Plaintiff proceeds pursuant to 42 U.S.C. § 1983, and alleges excessive force in violation of the Eighth Amendment against DeBose and Nieves in their individual and official capacities. Defendants argue that the official capacity claims against DeBose and Nieves should be dismissed because they are not cognizable under § 1983. In Count IV, Plaintiff alleges that MDOC violated Title II of the Americans with Disabilities Act ("ADA").[2] Defendants argue that the Eleventh Amendment to the United States Constitution acts as a complete jurisdictional bar to Plaintiff's claim. Plaintiff filed a Memorandum opposing the instant Motion, in which he Plaintiff argued against dismissing his Title II ADA claim against MDOC, but did not address Defendants' argument in support of dismissal of the official capacity claims against DeBose and Nieves.

---

[2]Title II of the ADA prohibits public entities, such as state prisons, from discriminating against qualified persons with disabilities in the provision or operation of public services, programs, or activities. 42 U.S.C. §§ 12131-12134; <u>Penn. Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 209 (1998).

**Discussion**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Fed. R. Civ. P. 8(a)(2). A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555–56 & n.3). When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**ADA Claim Against MDOC – Count IV**

The Court will first consider Defendants' arguments directed at Count IV of Plaintiff's First Amended Complaint. In Count IV, Plaintiff alleges that MDOC violated Title II of the ADA by deliberately refusing to accommodate his disability-related needs such as a handicap-accessible cell and/or handicap-accessible sink, help with various types of cleaning, and assistance into his wheelchair. Plaintiff also alleges that MDOC deliberately refused to provide him with necessary medical supplies such as clean diapers and colostomy bags, and also refused to provide clean

clothing and bedding. Plaintiff alleges that MDOC's conduct has resulted in his exclusion from programs and services offered by MDOC, and has also caused him to sustain various injuries, including infection due to exposure to bodily waste. Plaintiff seeks declaratory and monetary relief.

Defendants argue that Plaintiff's claim against MDOC should be dismissed because the Eleventh Amendment bars federal court jurisdiction over suits brought by private parties against unconsenting states, including actions for money damages brought under Title II of the ADA. Defendants' argument is not well taken.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

While the Eleventh Amendment provides states with a strong defense against suit in federal court, such immunity is not absolute. Section 5 of the Fourteenth Amendment allows Congress to abrogate sovereign immunity to enforce that Amendment's provisions. Klingler v. Director, Dept. of Revenue, State of Mo., 455 F.3d 888, 893 (8th Cir. 2006).[3]

In support of the argument that sovereign immunity exists for actions for money damages brought under Title II of the ADA, Defendants cite Alsbrook v. City Maumelle, 184 F.3d 99 (8th Cir. 1999). However, as Plaintiff correctly notes, the Eighth Circuit has since expressed a lack of confidence that Alsbrook can serve as a reliable basis for resolving claims for money damages under Title II of the ADA. See Klingler, 455 F.3d at 892.

---

[3] A state may also be subject to suit where it has unequivocally waived its sovereign immunity and consented to suit in federal court. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In the case at bar, neither party raises the issue of whether MDOC has so consented.

In United States v. Georgia, 546 U.S. 151 (2006), the Supreme Court held that Title II abrogates sovereign immunity in certain circumstances. The Court stated: "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." Id. at 159 (emphasis in original). The Eighth Circuit has also dealt specifically with the interaction between Eleventh Amendment immunity and Title II of the ADA. In Dinkins v. Correctional Medical Services, 743 F.3d 633 (8th Cir. 2014), the Court held that "Title II of the ADA abrogates both the State of Missouri's and the MDOC's immunity for conduct that actually violates the Fourteenth Amendment." Id. at 635.

Accepting as true the factual allegations in Plaintiff's Complaint, Twombly, 550 U.S. 555–56, the Court concludes that Plaintiff has properly pleaded a violation of the Fourteenth Amendment via his allegations that MDOC has violated the Eighth Amendment. See Georgia, 546 U.S. at 157 ("[T]he Due Process Clause of the Fourteenth Amendment incorporates the Eighth Amendment's guarantee against cruel and unusual punishment"). Plaintiff alleges that he was excluded from participation in MDOC's programs and services, and that he was denied various disability-related accommodations such as a handicap-accessible cell, a handicap-accessible sink, and the necessary supplies and assistance to properly dispose of bodily waste and maintain adequate hygiene. See Simmons v. Cook, 154 F.3d 805, 807-09 (8th Cir. 1998) (upholding damages award for Eighth Amendment violation where paraplegic inmates were denied necessary assistance with eliminating bodily waste, and missed meals because their wheelchairs could not maneuver to the door where food was placed); LaFaut v. Smith, 834 F.2d 389, 392-94 (4th Cir. 1987) (failure to

ensure that mobility-impaired inmate had accessible toilet facilities and physical therapy violated the Eighth Amendment).  Because Plaintiff has alleged conduct by MDOC that violates the Eighth Amendment – and therefore the Fourteenth Amendment – he is entitled to offer evidence to support his Title II ADA claim against MDOC.

**Official Capacity Claims Against DeBose and Nieves – Count III**

Plaintiff, proceeding pursuant to 42 U.S.C. § 1983, alleges excessive force in violation of the Eighth Amendment against DeBose and Nieves in their official and individual capacities.  Plaintiff seeks declaratory and monetary relief.  Defendants argue that Plaintiff's official capacity claims against DeBose and Nieves should be dismissed because they are not cognizable under §1983.  Plaintiff offers no objection.

As Defendants correctly note, state officials sued for monetary relief in their official capacities are not "persons" subject to § 1983 liability because such suits are in reality suits against the state itself.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment provides immunity to state officials who are sued in their official capacities.  In re Sdds, 97 F.3d 1030, 1035 (8th Cir. 1996).  The Eighth Circuit has held that § 1983 does not abrogate the states' Eleventh Amendment immunity.  See Williams v. State of Missouri, 973 F.2d 599, 600 (8th Cir. 1992) (Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983); Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012) (§ 1983 provides no cause of action against agents of the State acting in their official capacities).  Plaintiff offers no argument to support his official capacity claims against DeBose and Nieves, and Defendants' arguments are well taken.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss is **DENIED** to the extent it seeks dismissal of Plaintiff's Title II ADA Claims against MDOC. [Doc. 28]

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss is **GRANTED** to the extent it seeks dismissal of Plaintiff's official capacity claims against DeBose and Nieves. [Doc. 28]

An order of partial dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　/s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of July, 2016.