UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDALL L. HUFFMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-768 CAS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's second motion for an extension of time to respond to the Court's show cause order and plaintiff's motion for a telephonic status conference. For the following reasons, the Court will deny both motions and order plaintiff to appear for deposition no later than **Monday, August 21, 2017**.

**Background**

(A) Plaintiff's Complaint

On May 13, 2015, plaintiff, a former prisoner at Eastern Reception Diagnostic & Correctional Center ("ERDCC"), filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated at ERDCC, defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

Plaintiff suffers from caudal regression syndrome, spinal bifida, scoliosis, sciatica, and severe back pain, and has been confined to a wheelchair for the duration of his life. Plaintiff alleges defendants refused to change or assist him in changing his diapers and colostomy bag, and refused to assist him in performing other necessary maintenance procedures. Plaintiff alleges defendants routinely refused or delayed plaintiff's access to medical supplies necessary to

care for his condition, which led to infections. He states that he was not provided with a handicap-accessible cell, could not reach the sink, and frequently fell attempting to perform simple tasks such as brushing his teeth or cleaning his body or clothes after a diaper or colostomy bag leak. Finally, plaintiff alleges that while he was located in the St. Louis Community Release Center, he suffered excessive force and violence. Specifically, he alleges on February 13, 2015, he was awoken for a head count, forcefully placed in his wheelchair, handcuffed, and pepper sprayed by defendants Debose and Nieves. After administering the pepper spray, plaintiff alleges the St. Louis Community Release Center officers began kicking and laughing at plaintiff as he lay defenseless on the floor of the facility. He was then sent to St. Louis University Hospital. (Am. Compl. ¶¶ 26-29.)

(B)  Procedural History of Case

On August 19, 2015, the Court appointed counsel for plaintiff. Counsel filed an amended complaint, and the Court issued its case management order on January 8, 2016. The Court has granted three motions to amend the case management order. The current case management order sets May 26, 2017 as the deadline for completing discovery; June 30, 2017 as the deadline for filing dispositive motions; and a trial date of September 18, 2017.

On May 24, 2017, defendants filed a motion to dismiss the case for failure of plaintiff to appear at his deposition. Defendants had scheduled plaintiff's deposition for March 22, 2017. That day, plaintiff's attorneys requested to move the deposition from 10:00 a.m. to 11:00 a.m. to allow plaintiff to attend a job interview. The deposition was later rescheduled again, this time to start at 2:00 p.m. Plaintiff never appeared. Plaintiff told his attorney that he was unable to attend because of a "family emergency."

Defendants rescheduled plaintiff's deposition for 10:00 a.m. on May 22, 2017. Prior to the time of the deposition, however, plaintiff's attorneys advised defendants that they had been unable to make contact with plaintiff, and cancelled the deposition.

Because of these failures of plaintiff to appear for his scheduled depositions, defendants moved to dismiss the case as a sanction under Federal Rule 37(d)(3). Plaintiff did not respond to this motion to dismiss.

In addition to failing to appear for his deposition, the parties failed to mediate the case. On June 16, 2017, defendants filed a motion to vacate the Order referring the case to mediation, stating that mediation would not be useful considering they had been unable to depose plaintiff and had a pending motion to dismiss for failure to prosecute. Again, plaintiff did not respond to defendants' motion.

On June 29, 2017, the Court issued an order to show cause. The Court ordered plaintiff to respond by July 7, 2017 as to why the case should not be dismissed as a sanction for his failure to appear at deposition.

On July 6, 2017, plaintiff's counsel sought an extension of thirty days to respond to the order to show cause. Counsel stated that he had been attempting to communicate with plaintiff regarding defendants' motion to dismiss, but these communications were unreturned by plaintiff. On June 30, 2017, plaintiff's counsel sent plaintiff an electronic mail message regarding the order to show cause, and received the following response from plaintiff:

> I have been in and out of the hospital I had my wheelchair stone in my phone I haven't had a phone to communicate I can make it in sometime in July whenever you need me just give me a call [Redacted Phone Number] I have my iphone back

The Court granted plaintiff's motion for an extension of time to respond to the show cause order, but ordered him to show cause within fourteen days.

Now, plaintiff has filed another motion seeking another extension of another thirty days to respond to the show cause order, stating counsel has been unable to secure medical records from various medical facilities that would prove plaintiff was hospitalized on the dates of his prior scheduled depositions. Plaintiff's counsel also seeks a telephonic scheduling conference to discuss the motion to dismiss, the motion to show cause, and the status of the case.

**Discussion**

The deadlines for discovery and dispositive motions have passed, and this case is set for trial on September 18, 2017. Although plaintiff's communications with his appointed counsel have been intermittent, it appears that he has had some medical issues and other issues that have interfered with his ability to communicate. Whether this is because of a stolen wheelchair, a stolen phone, or hospitalization, is not of importance to the Court. It appears plaintiff intends to pursue his case, but has had some personal setbacks out of his control. The Court is sympathetic to plaintiff's plight. Given the seriousness of plaintiff's allegations and the reasons for his failure to appear, the Court will grant plaintiff a final chance to be deposed. Assuming plaintiff appears for his deposition, the Court will need to issue a modified scheduling order and set a new trial date, which will be done by separate order.

Based on his recent communication with counsel, plaintiff is available for deposition in July 2017. The Court will order plaintiff to appear for his deposition no later than **August 21, 2017**. The parties shall arrange a mutually agreeable date, and defendants shall serve plaintiff's counsel with a Notice Of Deposition. If plaintiff does not appear for his deposition by **August 21, 2017**, the Court will dismiss his case as a sanction for his failure to appear. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall appear for his deposition and have his deposition taken no later than **Monday, August 21, 2017**.  Failure to appear and be deposed by **Monday, August 21, 2017** will result in dismissal of this action as a sanction for plaintiff's failure to appear for deposition.

**IT IS FURTHER ORDERED** that plaintiff's second motion for an extension of time to respond to Order to Show Cause and plaintiff's motion for a teleconference hearing regarding the Court's Order to Show Cause are **DENIED as moot**.  [Docs. 74 and 75]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of July, 2017.