UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENDALL LEE HUFFMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-768 CAS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' second amended motion to dismiss for plaintiff's failure to prosecute and comply with federal rules. For the following reasons, the Court will grant defendants' motion, and dismiss this case without prejudice.

**Background**

On July 20, 2017, the Court issued a Memorandum and Order detailing plaintiff's allegations and the procedural history of this case. See Doc. 76. In short, after not appearing on three separate occasions for his scheduled deposition, the Court ordered plaintiff to appear for his deposition and have his deposition taken by August 21, 2017. The Court stated, "Failure to appear and be deposed by **Monday, August 21, 2017** will result in dismissal of this action as a sanction for plaintiff's failure to appear for deposition." Id. at 4-5 (emphasis in original).

On July 27, 2017, the parties agreed to schedule plaintiff's deposition for August 11, 2017 at 2:00 p.m. Approximately one hour before the scheduled deposition, however, plaintiff's appointed counsel advised defendants that the deposition was cancelled because plaintiff had not appeared at counsel's office as instructed. See Doc. 80 at 2-3. The parties were willing to reschedule the deposition again before the August 21, 2017 deadline, but plaintiff's counsel was

unable to reach plaintiff via e-mail and telephone, and therefore the deposition could not occur. Plaintiff has failed to attend four properly scheduled and noticed depositions, even after being expressly warned that failure to do so would result in dismissal of this action.[1]

**Discussion**

The Federal Rules of Civil Procedure permit dismissal with prejudice "[i]f plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). Despite the breadth of this language, the Eighth Circuit has "recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); see also Roldan-Tennant v. QCR Holdings, Inc., 552 F. App'x 614, 614 (8th Cir. 2014) (unpublished per curiam) (affirming Rule 41(b) dismissal after plaintiff failed to attend court-ordered deposition without notice or excuse after court had warned plaintiff that failure to attend deposition could result in dismissal); Smith v. Gold Dust Casino, 526 F.3d 402, 404-05 (8th Cir. 2008) (Rule 41(b) dismissal is reviewed for abuse of discretion; dismissal with prejudice is appropriate only in cases of willful disobedience of court order or persistent failure to prosecute complaint).

Plaintiff has failed to appear for his properly noticed deposition four separate times. The last failure to appear was after express warning from the Court that his case would be dismissed if he failed to appear. Although it is likely that his consistent failures to appear are not willful but due to circumstances beyond his control (see, e.g., Doc. 72 at ¶ 6 (stating plaintiff had been

---

[1] Plaintiff also failed to respond to an earlier show cause order, in which the Court stated failure to respond "will result in dismissal of this action as a sanction for failure to comply with court order." See Doc. 71. Plaintiff's failure to respond to the show cause order and failures to appear at deposition are attributable to his actions alone, and not to appointed counsel. Appointed counsel has diligently and consistently represented plaintiff's interests.

"in and out of the hospital" and had his wheelchair and phone stolen)), the Court cannot continue to allow the disobedience of the Court's orders and plaintiff's failure to prosecute his complaint. In the Court's discretion, however, because of plaintiff's circumstances, including that he is physically disabled and without consistent means of communication and transportation, the Court will dismiss his case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' second amended motion to dismiss for plaintiff's failure to prosecute and comply with federal rules is **GRANTED**. [Doc. 80]

**IT IS FURTHER ORDERED** that plaintiff Kendall Lee Huffman, Jr.'s First Amended Complaint is **DISMISSED without prejudice** as a sanction for plaintiff's failure to appear for deposition and failure to prosecute complaint. [Doc. 20]

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**. [Docs. 67, 70, and 77]

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of August, 2017.